UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MANAFF KULUI BEY, ) | |
| a/k/a Marvin Davin Witt, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-cv-1515-JCH |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Manaff Kului Bey for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the financial information provided, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will therefore be granted. In addition, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."). While *pro se* complaints are to be liberally construed, *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976), they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Id.*

**The Complaint**

Plaintiff, who identifies himself as a "Moorish American National Aboriginal Indigenous Divine Being-manifested in human flesh," brings this civil action against the State of Missouri, Missouri Attorney General Josh Hawley, and the St. Louis City Office of Child Support Enforcement. He claims he has had three child support orders entered against him that require him to make child support payments.

The complaint is replete with legalistic gibberish, citations to irrelevant cases, and excerpts from a "Treaty of Peace and Friendship" between the Moors and the United States. The essence of plaintiff's claims is that his status as a Moorish National makes him exempt from the jurisdiction of the courts, and the child support orders entered against him are therefore unlawful and he cannot be compelled to pay child support. He asks this Court to order the "St. Louis, Missouri Circuit Court, State of Missouri, and State of Missouri Office of Child Support Enforcement" to "nullify, dismiss and/or close" the three child support cases against him, and to stop communicating with him and compelling him to make payments to "Missouri Family/Child Support Office/Agency." He also seeks monetary relief.

Having carefully reviewed and liberally construed the complaint, the Court determines that it is frivolous because plaintiff's claims are based upon an indisputably meritless legal theory. *See Neitzke,* 490 U.S. at 325 (a complaint lacks an arguable basis in law if it is based upon an indisputably meritless legal theory). Plaintiff's purported status as a Moorish National

does not make him immune from Missouri law.  The United States does not recognize the Moorish Nation as a sovereign state, *see Benton-El v. Odom*, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007), *Khattab El v. United States Justice Dept.*, 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988), and plaintiff cannot unilaterally bestow sovereign immunity upon himself.  *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984).  Even those who voluntarily relinquish their citizenship are subject to, and must obey, federal, state, and local laws.  *See Khattab*, 1988 WL 5117.  The terminology and phrases plaintiff uses are the type often used by "sovereign citizens" and others who believe they are exempt from the jurisdiction of the courts, and which have been summarily rejected as frivolous by federal courts around the nation.  *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous).  In addition, the complaint fails to state a claim upon which relief may be granted.  Plaintiff has made no plausible showing that the child support orders were entered without the requisite due process of law, or that there is any other legitimate basis for challenging them.  For these reasons, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this ___7th___ day of November, 2018.

                                      \s\ Jean C. Hamilton
                                      JEAN C. HAMILTON
                                      UNITED STATES DISTRICT JUDGE